Government of the Virgin Islands v. Wade Gumbs There are four grounds for reversing the judgment against Wade Gumbs for first degree murder and also unauthorized possession of a firearm during the commission of a crime of violence. One of the things that maybe you can enlighten me, procedurally, in my neck of the woods, at least in Pennsylvania, if you have a conviction, you then have an appeal, and only after the appeal can you have what is the equivalent of state habeas, it's called post-conviction relief act, or PICRA. Here, it looks like the habeas comes first and then the appeal would come second. Yes, Your Honor. And as my colleague pointed out to me this morning, you didn't appeal that habeas decision against you. That's correct, Your Honor. The counsel for Mr. Gumbs for the habeas petition did not appeal it, and we include that in his respective assistance of counsel, but we do hold that this court does have jurisdiction because this is a case, one of those rare cases, where the record below is a complete record in that there was an evidentiary hearing that took place, and in that evidentiary hearing there was testimony by witnesses with respect to the claims that Mr. Gumbs asserts, namely that there was an adverse and actual conflict of interest and that there was a defense that he did not agree to that was improperly prepared at trial, and so while usually on direct appeal, this court would not entertain habeas petitions in this case because the record is complete. But we really don't know a lot. I mean, there's aspects that we don't know. We didn't hear from counsel as to why he did certain things. It really isn't all that complete. Well, actually, there were testimonies from witnesses from the public defender's office that did talk about the actual and adverse conflict of interest, stating, for example, that if there was a conflict, to file the appropriate motions. That was, I believe, Attorney Willacks. There was also testimony from the investigator who was actually present with defense counsel when he visited his other client, Hadken Brook, in jail and overheard him offer— Let me just see if I get this straight. Just procedurally, you're claiming that there was ineffective assistance of counsel because there wasn't the investigation of a particular claim as to something happening in the hospital that would have been an intervening event between that person's being shot and his death. You're also claiming that there was ineffective assistance of counsel with respect to the conflict of interest. I see nowhere that you claim that there was ineffective assistance of counsel for not taking the appeal from the habeas decision. In the reply brief that I filed— The state habeas. Not below, Your Honor, but in the reply brief that I filed for this proceeding, I did include case law stating that unless there is a waiver of a right to appeal, especially in this case where the defendant is in prison for the rest of his life, plus 15 years after that, and he did clearly have an intention to appeal his conviction, and so the failure for his counsel— But is there a claim being made that he had given an instruction to counsel to appeal and the counsel didn't do it, and therefore that is ineffective assistance of counsel? Well, the claim is that there is no evidence in the record that he waived his appeal. But isn't that the only possible claim you could have, i.e., that the failure to appeal from habeas would be ineffective assistance? Because there's already been a habeas proceeding finding no ineffective assistance, correct? And no appeal from that. So we're not going to collaterally attack on direct appeal a habeas corpus finding that was never— on ineffectiveness that was never appealed. That's unprecedented. Actually, Your Honor, as I said, that there is case law where, in a rare case where there is a record that's already been developed— Well, I don't think that's when there's been a previous habeas determination. I mean, usually on direct appeal we will not because there is no record and we'll wait for habeas. But where habeas has already been tried and you've lost and there's a ruling that there was no ineffectiveness, the way to remedy that is an appeal from that habeas decision, not to seek to attack it collaterally on direct appeal. Otherwise there's no— It's a waiver. Yeah, it's a waiver issue. Unfortunately, Your Honor, there's no evidence in the record that Mr. Gumbs waived this right to his appeal. Well, what about the decision on the habeas matter was made by the Superior Court. Is that correct? No, it is not, Your Honor. Under Elton B. Tierney, the court held—the Third Circuit held that— No, no, no, no. In this particular case, the decision on the habeas was made by the Superior Court. Yes, that's correct. Is that correct? It is. Okay. So the matter has never been before the district court. We raised it in the appeal to the district court, but the district court decided to decline to review it because it said that the evidentiary record was incomplete. But that's simply not true where you have an evidentiary hearing that took place with the testimony of witnesses regarding the specific issues that we're raising as ineffective assistance to counsel. And so we assert that it is one of these rare cases where this court can look at the claims because there have been testimonies and assess the efficacy of trial counsel. In addition, we would hold that—we would ask the court to hold that the determination below is clearly wrong. The court had before it an actual and adverse conflict of interest. The court did not properly apply Supreme Court precedent because it—although it identified the correct rule, which would be that there is an adverse and actual conflict, the court unreasonably applied it to the fact of this case. And also, with respect to the investigation, all of that has been testified below. But there's law of the case. We have a habeas determination that's law of the case on ineffectiveness. That's a dumb question. Why was there no appeal from Judge Holler's habeas decision on those two points that you just mentioned? We assert that that is also ineffective assistance to counsel, Your Honor, where there's no record that— Okay. Where before us do you say—do you suggest that that is also a third element of ineffective assistance to counsel? In the reply brief that I filed. That's a little late, isn't it? We assert that it was—we addressed it in the reply because it was addressed in the appellee's brief. But you need to deal with that heads up in your opening brief. Well, in our opening brief, our argument is that because there is this evidentiary record, there's plenty of facts for the court to review to see if the trial counsel was ill-prepared at trial and had an adverse and actual conflict. And it was with the appellee's response that where they mentioned that there was no appeal, that we said that also it was professionally unreasonable. Because the Supreme Court has said that there's no constitutional right to counsel on collateral proceedings, does that affect your position here? No. We submit that it doesn't affect the position. He's not contending that he had a right to a specific counsel, but that he had a right to counsel that was effective. On a constitutional basis? Yes, Your Honor. All right. But if there's no right to counsel on collateral proceedings, does that undermine your position? I don't believe so, Your Honor. In this case, he was appealing both his convictions and included in that is the habeas petition. Clearly, in this case, there was an actual and adverse conflict of interest and also an ill-prepared defense that would warrant this court to review that. Ms. Thompson, could you address an issue? You contend that there's a Brady violation by virtue of the failure to disclose certain facts regarding Ms. Powell. Yes. And that caught my attention. But then when I looked at the transcript, it was clear to me that in cross-examining her, counsel knew chapter and verse of all of these connections, the money that had been paid, talked about the exact check that was given. So I'm kind of curious as to exactly when Defense Counsel found out about these things and why, if it was found out before or during trial and you had the opportunity to cross-examine, why there really is a problematic Brady violation. The record isn't clear as to when counsel learned about the payments that she was given in order to testify against Mr. Gumbs or the work permit that she received when she was out of status with immigration. But the record is clear that Defense Counsel did not have actual documentary evidence that he could introduce at trial. He basically asked Ms. Powell whether she was given a ticket for her son, and she denied it. She was later impeached by the testimony of a police officer. But counsel knew that there had been that ticket, and counsel knew that a check had been given to her. Yes. So could counsel not have said, Your Honor, I need a three-day continuance while we investigate this further? I mean, it seemed like there was the opportunity to cross-examine on it. He did cross-examine her, but these were documents that were in the exclusive possession of the government. It was the government, the Department of Justice, that had issued those checks to her, that gave her the plain ticket, that facilitated her work permit. And so that evidence being within the possession of the government, the position is that it should have been disclosed and discovered. Well, but there was knowledge about these things. So if Defense Counsel needed more in the way of documents, could he or she – I don't know if you were trial counsel – not have said to the court, you know, we need something more? The record isn't clear if counsel asked for that before trial, but what is clear at trial is that counsel was unable to effectively cross-examine her because she basically denied having received the plain ticket. But then you got it in through the other witness. Right, Your Honor. But to have documentary evidence that would be admitted into evidence that the jury could consider showing paid-for testimony against Wade Gunn would be more substantial than merely cross-examining witnesses at trial. And because – especially because Ms. Powell denied receiving the plain ticket, it was even more important and more crucial that the government be forthcoming and disclose that in discovery. But she did respond when she was asked, on or about August 22, 2002, did you receive the sum of $500 from the major crime unit of the VIPD? She did acknowledge that, correct? That was one that she acknowledged, Your Honor. But there was another payment of, I believe, $90 that she did not acknowledge. Also, she said that she paid for the plain ticket for her son where she actually did it. It was the government that paid for it. And the fact that these payments were made for things like getting clothes for her children because she didn't have a job, these were clearly things that were given to the government's only eyewitness so that they could ensure that she would testify against Mr. Gunn at trial. And the emphasis is that cross-examining the witnesses isn't sufficient if there is documentary evidence in the government's possession that would be introduced. Well, they did have the check and the stub, correct? From the payment from the government. Yes, Your Honor, but as far as the immigration issue. And defense counsel did ask for that during trial. Where was the paperwork showing that she was out of status and the significance of her being out of status during the course of the investigation? And then here we go at trial, and all of a sudden she's in status, and it's a result of the government's— Do you acknowledge that in light of Melendez-Diaz, the one conviction needs to be vacated? Yes, Your Honor, under Melendez-Diaz it does because the certificates were clearly introduced to provide evidence that he did not have a license for possession of a firearm and the people that made those certificates were not available at trial and he did not previously cross-examine them. Does that affect any other count other than that particular count? Well, we would hold that because there was insufficient evidence regarding the claim of his possession apart from that and also with regard to the first-degree murder charge as a result of Ms. Powell's weak testimony and the doctor's equivocal testimony, we would ask the court to hold that that affects the other charge as well. But there's not spillover from the possession charge? Yes, Your Honor. There is? How do you do that? I mean, one, the elements are completely different, are they not? The elements are completely different, but the only testimony that the government has with respect to the gun charge— I'm sorry, the first-degree murder charge is the testimony of Ms. Powell. Does it make any difference whether there's a certificate of no record with respect to murder? It doesn't make any difference on the murder charge. Yes, Your Honor, that's correct. Our position is that it doesn't make a difference with respect to the elements, but in terms of the totality of the circumstances of the crime and the witnesses that were presented by the government against Mr. Gumbs, that you can look at Ms. Powell's equivocal testimony, her weak testimony where she couldn't recall certain crucial facts about the case outside of her identification of Mr. Gumbs as a person in charge. But what does Powell have to do whether there is testimonial evidence that wasn't brought in because there was only a certificate of no record that was introduced rather than live testimony? What does that have to do with Ms. Powell and the murder charge? That is a separate issue, Your Honor. Good. Why don't we—I'm sorry. Any more questions? Good. We'll have you back, Mr. Thompson. Good morning. I may have pleased the court. Mr. Phelan, good morning again. Can I ask you just to help me out with the procedural aspects here? In the V.I., you have a conviction. Then you have a state habeas proceeding. And then the appeal from that, if it's taken, is a direct appeal to the V.I. District Court. Is that correct? Previously, before the V.I. Supreme Court came into existence. Correct. So here there was a direct appeal to the V.I. District Court, was there not? Yes, there was a direct appeal to the V.I. District Court of Appeals for the criminal conviction. And the district court said that I'm declining to consider this claim on direct appeal, but not because it lacked jurisdiction or there was a ratio to cut effect, as you argued, but rather because the record needed to be developed further. On the record before me, I can't do that. And what I would say to the court is that just because it's in the appendix does not mean it's in the record. I'm just saying that's what the court said. In other words, I'm not saying that I don't have jurisdiction on this direct appeal. I'm not saying it's ratio to cut it. What I am saying is the record is inadequate for me to make a decision, and therefore I can only consider it on habeas or what? What did the district court say? Judge, the court did say that. Normally they're not on direct review, only if there's a – But there was an appeal, it looked like, a direct appeal to the V.I. District Court that raised all of the claims that we now review, ineffective assistance of counsel claims, the Brady and Gigolo claims, insufficiency of the evidence, and the confrontation clause. And I'm at a loss as to how necessarily we don't have jurisdiction. If you're supposed to take a direct appeal and you can't force a court necessarily to decide the direct appeal, it just decided on its own that it wasn't going to decide it because the record needed to be developed further. Which is a common body of law in regard to habeas cases when they're on direct appeal on the criminal appeal. And which always happens because we know there is a habeas to follow where the record will be developed. Here, the habeas preceded and there was at least one court that had addressed the habeas and then no further appeal. So, I mean, this is a fact pattern that is very unusual. That's what I want to clarify. Was there a further appeal? No, Your Honor. There's no indication of any appeal from the civil habeas decision by Judge Holler. So, that's my question. Would that civil habeas decision by Judge Holler, is it supposed to be directly appealed to the Federal District Court or is it supposed to be appealed directly to a VI court? At that time, it would have been to a civil appeal to the Virgin Islands District Court Appellate Division. Not the habeas. Yes, the habeas. Now it would go to the Supreme Court. Now it would go to the Supreme Court. And you're saying that's not what was done here? There was no appeal taken whatsoever. Okay. So, it went directly to the U.S. District Court instead of the VI District Court. Yes. So, is there any procedural default under those kinds of circumstances? Absolutely, Your Honor. I would agree and that was my argument. This has been a waiver that for the failure to appeal that decision by Judge Holler, that's the law of the case. Everything that is now raised before this panel, which was raised before the District Court Appellate Division in the criminal appeal, could have, would have, was done in the civil. The District Court did not make that finding. They didn't even get to it because they said it's not in the record. They said what a district court usually says. But as for the other issue as to ineffective assistance of appellate counsel, as the Court pointed out, the very first time that has been raised is in the reply brief here before the Third Circuit. This was never raised before. Ineffective assistance of counsel at what level? I'm sorry. Here at the Third Circuit is the first time that ineffective assistance of appellate counsel has come from the habeas for failing to appeal that. First, Judge Sirica notes there's no constitutional right, so if that's the case, there would be no ineffectiveness claim in any event, would there be? Right. It would be a waiver on behalf of the petitioner himself for failing to then do that appeal. Let me ask you a question on the confrontation clause. I mean, the District Court says, cites a Fifth Circuit case, a Ninth Circuit case. The unfortunate thing is that a year earlier there had come out a Supreme Court case in Melendez-Diaz. I mean, how do you get around the Supreme Court case? Your Honor, that's the million-dollar question because in my brief to the District Court Appellate Division, I relied on those cases. Those were all the immigration cases in regard to the CNF. District Court Appellate Division, same thing. We find that line of reasoning persuasive. Melendez-Diaz comes out, overturns all of that. In my brief— Yeah, there's not much doubt it overturned it. There's not much doubt it overturned that. Correct. So in my brief, my only real argument is that this is not a drug analyst evaluation. This is not an immigration matter. This is instead a certificate of no record or gun license. However, two things I need to point out to the Court. One, this matter was argued in front of the Court with the panel last December. Chief Justice McKee was down here in December, and that issue came up. So just so this panel is aware of that argument being made as far as Sixth Amendment. The second is that— Was it the same kind of document? Yes. Do you remember the name of the case? Stacey Ambrose, A-M-B-R-O-S-E. That's a St. Croix— Just want to make sure it wasn't a relative. Just kidding. Judge Ambrose. That that was a gun license. That was a gun license. That was the Melendez-Diaz gun. At least in that case, there was a live witness on behalf of the BIPD bringing in the St. Croix license. However, the live witness also brought in the St. Thomas license. So you argued, though, that it was distinguishable, but the District Court, in issuing its opinion, really didn't refer to Melendez-Diaz at all? It said it didn't go that far because it relied on the immigration case. Okay. One case I have to point out to the Court, and this is Fox v. U.S., 11-A-3-1282, and this just came out in January 2011 out of the District of Columbia. The appellants were found guilty of conspiracy to commit armed robbery, armed robbery, possession of a firearm during a crime of violence, carrying a pistol without a license, unlawful possession, on and on. All three appellants challenged their convictions for carrying a pistol without a license, unlawful possession of the firearm. Certificates of no record were admitted to prove these charges violated their Sixth Amendment rights. In light of prior cases in D.C., the Court says, absolutely, this was constitutional error. There was no live person to come forward and say, I performed this error. They basically concede that at this point. Does that have any effect on any other aspect of the verdict? That's why I like this case, Your Honor, the Fox case, because one of the appellants in that raised the argument because of the Confrontation Clause problem. It then rolls over to the other arguments and the other convictions, and the Court did not buy that. And in this particular situation with Defendant Wade Gumbs, that's going to be inapplicable as well because even if he was fully licensed, it doesn't mean he's allowed to go out and shoot Rudolph Fleming in the head. It's an unauthorized use of the firearm even if he was properly licensed. Could you give that cite again? I'm sorry, Mr. Fox. 11A3-1282. Anything else you want to tell us? That's all I had. Thank you. Any other questions? Good. Thank you very much. Thank you very much, Mr. Phelan. Ms. Thompson. Your Honor, I did exhaustively research the issue of appealing the habeas petition because I did realize that there was no appeal directly from below, and I did come across a couple of cases that this Court may find of interest in the Third Circuit. One is U.S. v. Solis, which is 65 Fed Apex 824, Third Circuit, 2003, where the Court held that a fully developed record justifies this Court's review of an ineffective assistance appeal. Could you give that cite again, please? Sorry. U.S. v. Solis, 65 Fed Apex 824. Yes, 824. Was that following a habeas case? Yes, it was, Your Honor. There's also case law with respect to the professional unreasonability of not directly appealing the denial of a petition where there's no evidence on the record that the counsel consulted with the defendant. And in this case, I was not trial counsel. I was not the counsel for the habeas petition, but I did review the record, and there is no evidence that Mr. Gumbs was consulted about appealing that and that he waived it. And in the case where he is in prison for the remainder of his natural life plus 15 years, and he has vigorously appealed the other issues in this case, it should be presumed that there is prejudice to him as a result of counsel's failure to appeal. But in this case, there's a civil action called habeas in the state for the VI, and the appeal would be to the VI District Court. Is that correct? Yes, Your Honor. But the appeal instead was taken to the U.S. District Court. It was. But the grounds that the District Court denied it was not because it was in the wrong venue. But the point being that once there was not an appeal to the VI District Court, which is where the appeal was to be taken at that time, then there wasn't any exhaustion. There wasn't any—I guess you lose jurisdiction or there's no exhaustion of remedies. I don't know which one it is. It's the law of the case. Yes, it's the law of the case. It's over. Did you come across Whatley v. State where the court held that an issue previously decided on habeas became law of the case and the judgment of the habeas court on the issue of ineffective assistance is conclusive on this issue, precluding the claim on subsequent direct appeal? I did, but that didn't support my position, so I'd look for cases that did. Oh, my goodness gracious. I do note that. You've got to tell us. You've got to tell us what's out there. Yeah, most of the cases out there don't support my client's position, unfortunately, which is why when I found cases saying that this— Counselor, I'm laughing about that, but you really need to come— Right. Yeah, I acknowledge that there is case law that's—all the case law is pretty much against us, except for these few cases where they say, hey, if you have a record already on below, then we can look at this. And that's what my hope was with pointing out U.S. v. Solis, which I understand isn't precedential. Also, another case, U.S. v. Morena, the Third Circuit, 2008, where it said, you know, this conflict is clear on the record. There's no doubt about it. This guy was representing one witness and then gave him a deal to testify against his other client, and that site is 547 F. 3rd at 198. That's just another case. All right. Again, five? Sorry. Morena. That's U.S. v. Morena, 547 F. 3rd, 191, Third Circuit, 2008. What does it say? Basically, where you have a claim that's actual and adverse and the conflict is clear on the record, that there's no waiver of a conflict. After a previous habeas case? I don't think that's in that case. I'm not sure if that's in that case. I don't think so. I don't have that fact. No, I don't. And just the last point, Your Honor, the case that Pelley's counsel cited in St. Croix, that there was live testimony by at least one Virgin Islands police officer. Here there was no testimony whatsoever. And even if the court did look at other factors to decide whether the admission was okay, those factors would be whether the evidence was important to the case, whether the evidence was cumulative, whether there was corroborating or contradicting evidence, and the extent that there was cross-examination of others. And in this case, the certificates were the only evidence to support the conviction for unauthorized possession of a firearm. And so for those reasons, we ask that this court vacate the district court's decisions. Thank you. Ms. Thompson, thank you very much. Again, we thank both counsel for excellent argument and take the matter under advisement.